UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
CHRISTOPHER GARRAWAY

                Plaintiff,

            - against-

THE SOLOMON R. GUGGENHEIM FOUNDATION
and THE SOLOMON R. GUGGENHEIM MUSEUM

                Defendants.
----------------------------------------------------------------x

Index No. 05 CV 04594
(LAK)

COMPLAINT

Plaintiff by his attorneys, the Law Offices of Jonathan Weinberger, as and for his complaint ,respectfully alleges as follows:

JURISDICTION AND VENUE

1. This action is brought pursuant to the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. Sec. 2601 et seq. ("the FMLA"), and to remedy discrimination under the New York State Human Rights Law (the "HRL") and the Administrative Code of the City of New York (the "NYCHRL").

2. Injunctive and declaratory relief, damages and other appropriate legal and equitable relief are sought pursuant to the above-referenced statutes.

3. Plaintiff has fully complied with all prerequisites to jurisdiction in this court under applicable law. This Court has jurisdiction over this matter under the FMLA, as set forth in 28 U.S.C. § 1331 and 26 U.S.C. U.S.C. § 2617(a). Jurisdiction of the claims under the New York State Human Rights Law, and the Administrative Code of the City of New York is invoked under the principles of pendent

jurisdiction.

4. As the unlawful employment practices complained of herein occurred within the Southern District, venue is proper in this district.

## PARTIES

5. Upon information and belief defendant THE SOLOMON R. GUGGENHEIM FOUNDATION is a corporation authorized to do business in the State of New York, with offices in New York County where plaintiff worked.

6. Upon information and belief defendant THE SOLOMON R. GUGGENHEIM FOUNDATION is an entity authorized to do business in the State of New York, with offices in New York County where plaintiff worked.

7. Upon information and belief defendant THE SOLOMON R. GUGGENHEIM MUSEUM is a corporation authorized to do business in the State of New York, with offices in New York County where plaintiff worked.

8. Upon information and belief defendant THE SOLOMON R. GUGGENHEIM MUSEUM is a an entity authorized to do business in the State of New York, with offices in New York County where plaintiff worked.

9. Plaintiff at all relevant times was employed by defendants.

## BACKGROUND

10. Defendants are engaged in commerce within the requirements of the FMLA.

11. Defendants employed fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the twelve (12) months prior to plaintiff ceasing

employment with defendants.

12. Defendants employ fifty (50) or more employees within a 75 mile radius of that location where plaintiff worked at the time of the end of his employment.

13. Plaintiff had worked for defendants for at least twelve (12) months prior the end of his employment.

14. Plaintiff had worked for defendants for at least 1,250 hours during the previous twelve (12) months period prior to the end of his employment.

15. At all relevant times, plaintiff has had a serious health condition which constituted an illness, injury, impairment or physical or mental condition that involved continuing treatment by a health care provider.

16. At the time of the end of his employment, plaintiff had used less than 12 weeks of FMLA leave during the one year period prior to the end of his employment.

17. Plaintiff was hired in or about 1992 as a shipping associate.

18. On or about February 24, 2005, defendants were notified that plaintiff was absent from work due to a serious medical condition and a disability.

19. Plaintiff was hospitalized thereafter for his serious medical condition and disability.

20. Defendants were notified that defendant was hospitalized.

21. On or about March 7, 2005, plaintiff was discharged from the hospital

22. On or about March 17, 2005, plaintiff notified defendants that he had obtained medical approval to return to work.

23. On or about March 17, 2005, defendants fired plaintiff.

24. At all relevant times, plaintiff had serious medical conditions, under the FMLA, and disabilities, under the HRL and the NYCHRL.

25. At all relevant times, defendants were notified of plaintiff's serious medical conditions and disabilities, under the FMLA, and disabilities, under the HRL and the NYCHRL.

26. At all relevant times, plaintiff requested reasonable accommodations for his disabilities and serious health conditions.

27. At all relevant times, plaintiff was able to perform the essential functions of his job with a reasonable accommodation.

28. Defendants failed to afford plaintiff a reasonable accommodation for his disabilities and serious health conditions.

29. Defendants did not provide plaintiff with proper notice of his rights under applicable law, including but not limited to the FMLA, the HRL and the NYCHRL.

30. Defendants did not afford plaintiff leave as required by the FMLA, the HRL and the NYCHRL.

31. As a result of defendants' discriminatory and unlawful acts and retaliatory acts, including but not limited to those described above, and the hostile environment created thereby, plaintiff has suffered and will continue to suffer monetary damages and damage unless and until this court grants relief.

## FIRST COUNT

32. Plaintiff repeats, reiterates and realleges each and every allegation set forth above, as though set forth fully herein.

33. Defendants failed to afford plaintiff his rights pursuant to the FMLA.

34. Defendants retaliated against plaintiff for exercise of his rights under the FMLA.

35. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of the defendants' unlawful practices, unless and until this court grants relief.

## SECOND COUNT

36. Plaintiff repeats the allegations set forth above with the same force and effect as if set forth herein.

37. The above acts and practices of defendants constitute unlawful discriminatory employment practices based on disability and/or perceived disability and retaliation within the meaning of the New York State Human Rights Law.

38. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of defendants' discriminatory practices, unless and until this court grants relief.

## THIRD COUNT

39. Plaintiff repeats the allegations set forth above with the same force and effect as if set forth herein.

40. The above acts and practices of defendant constitute unlawful discriminatory practices based on disability and/or perceived disability and retaliation within the meaning of Section 8-101 *et seq*. of the Administrative Code of the City of New York.

41. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of defendants' discriminatory practices, unless and until this court grants relief.

WHEREFORE, plaintiff respectfully requests that this court grant the following relief:

1. Enter a declaratory judgment that the acts and practices of Defendants complained of

herein are in violation of the laws of the United States, the State of New York and the City of New York, and for such other affirmative relief as may be necessary to redress the effects of Defendants' discriminatory acts, including damages for wages, pain and suffering, compensatory damages, punitive damages, liquidated damages, attorney's fees, cost and disbursements, and legal interest thereon.

2. A money judgment, in an amount to be determined at trial, for the mental distress, anguish, pain and suffering experienced by Plaintiff as a result of Defendants' illegal employment practices and activities, as provided for by the HRL and the NYCHRL.

3. A money judgment, in an amount to be determined at trial, for punitive damages to the extent that defendants' actions were willful, intentional and malicious.

4. Enter judgment and grant relief declaring that the action of defendants described herein have violated plaintiff's rights under § § 29 U.S.C. 2614 (a) (1), 2614 (a) (2), 2614(c )(1) and 2615 (a).

5. Enter judgment in favor of plaintiff and against defendants for damages and interest pursuant to § § 29 U.S.C. 2617 (a)(1) (A)(i) and 2617 (a)(1)(A)(ii).

6. Enter judgment in favor of plaintiff and against defendants for liquidated damages pursuant to § 29 U.S.C. 2617 (a)(1) (A)(iii).

7. Award plaintiff the cost of this action together with reasonable attorneys' fees, pursuant to the FMLA and the NYCHRL.

8. Grant plaintiff such other and further relief as to this court appears just and proper.

## DEMAND FOR A TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury in this action.

                              Law Offices of Jonathan Weinberger
                                  Attorneys for Plaintiff

                                BY:_____/s/_____
                                   (JW-2425)
                                880 Third Avenue, 13th Fl.
                                New York, New York 10022
                                (212) 752-3380