DREIER LLP
499 Park Avenue
New York, New York 10022
(212) 328-6100
David R. Lagasse (DL-1144)
M. Alexis Pennotti (MP-4425)
Attorneys for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER GARRAWAY,<br><br>                    Plaintiff,<br><br>           -against-<br><br>THE SOLOMON R. GUGGENHEIM FOUNDATION and THE SOLOMON R. GUGGENHEIM MUSEUM,<br><br>                    Defendants. | 05 CV 04594 (LAK)<br><br>**Rule 56.1 Statement**<br><br>*Electronically Filed* |

   Pursuant to Rule 56.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, the Defendants, the Solomon R. Guggenheim Foundation and the Solomon R. Guggenheim Museum (collectively, the "Museum"), contend that there are no remaining genuine issues of material fact remaining for trial on the following issues:

   1.  On August 4, 1992, the Plaintiff, Christopher Garraway ("Garraway") commenced employment with the Museum.  Complaint, dated on or about July 22, 2005 ¶17 ("Compl."); Garraway Dep. 11:10-14; Lagasse Dec. Ex. V.

   2.   During his employment with the Museum Garraway was a shipping associate.  Compl. ¶17; Garraway Dep. 11:10-14.

3. During his employment with the Museum, Garraway reported to Wayne McKenzie. Garraway Dep. 12:23-25; 13:1-4; McKenzie Dep. 6:8-11; 22:25; 23:2-3; Lagasse Dec. Ex. J.

4. A true and correct copy of the Museum's sick leave policy is located at page 36 of the Museum's Employee Handbook. Lagasse Dec. Ex. G.

5. The Museum's sick leave policy states in relevant part that "[e]mployees who are unable to report to work due to illness must telephone their supervisor *directly*, each day of their absence, giving enough notice in order to arrange coverage." Lagasse Dec. Ex. G at 36 (emphasis in original).

6. In Garraway's department, employees were required to contact McKenzie if they would be out of work due to illness. Garraway Dep. 55:18-21.

7. In McKenzie's absence, employees in Garraway's department were expected to contact Gerry Gonzales. Garraway Dep. 56:8-11.

8. Garraway was aware of the sick leave policy. Garraway Dep. 55:18-21; 56:8-11; 90:22-24; 91:1-8; Lagasse Dec. Exs. G at 36, H & I.

9. Garraway suffers from a condition known as psychosis not otherwise specified ("Psychosis NOS"). Pinkhasov Dep. 15:7-12; Lagasse Dec. Exs. W, X, Z & AA.

10. Garraway treats his Psychosis NOS by taking Risperidone. Pinkhasov Dep. 18:10-13; Lagasse Dec. Ex. Y.

11. Since at least 2003, Garraway has treated his Psychosis NOS by taking Risperidone. Pinkhasov Dep. 18:10-13; Lagasse Dec. Ex. W & X.

12. When Garraway takes Risperidone as prescribed, his Psychosis NOS does not interfere with his ability to perform the essential functions of his job.  Pinkhasov Dep. 60:12-16.

13. When Garraway stops taking Risperidone, he does not remain stable and his Psychosis NOS becomes symptomatic.  Pinkhasov Dep. 21:3-6.

14. During 1998, Garraway requested and received an FMLA leave from the Museum (the "1998 FMLA Leave").  Garraway Dep. 83:10-12.

15. Garraway needed the 1998 FMLA Leave as a result of his first episode where his psychosis N.O.S. was symptomatic.  Garraway Dep. 82:1-19.

16. After the 1998 FMLA Leave, the Museum reinstated Garraway as a shipping associate.  Garraway Dep. 84:3-6; McKenzie Dep. 10:20-23; 11:2-3.

17. After the 1998 FMLA Leave, the Museum allowed Garraway to resume his job duties slowly.  Garraway Dep. 100:18-25; 101:1-2.

18. In the summer of 2003, Garraway requested and received a three week FMLA leave of absence (the "2003 FMLA Leave").  Garraway Dep. 84:7-11; Lagasse Dec. Exs. K, L & M.

19. Garraway needed the 2003 FMLA Leave to obtain treatment for his Psychosis NOS (the "2003 FMLA Leave").  Garraway Dep. 84:7-11; Lagasse Dec. Exs. M, W & X.

20. On July 11, 2003, Garraway called Nina Chako, the Director of Human Resources for the Museum.  Lagasse Dec. Ex. K.

21. During his July 11, 2003 conversation with Chako, Garraway informed her that his present absences might qualify for FMLA leave.  Lagasse Dec. Ex. K.

22. On July 11, 2003, the Museum sent Garraway a letter instructing him to submit a FMLA certification.  Lagasse Dec. Ex. L.

23. In the July 11, 2003 letter, the Museum informed Garraway that he would have to get a return to work certification completed before he could return to work. Lagasse Dec. Ex. L.

24. On July 14, 2003, Garraway submitted a return to work certification. Lagasse Dec. Ex. M.

25. The Museum reinstated Garraway as a shipping associate after the 2003 FMLA Leave.  Garraway Dep. 99:6-10; McKenzie Dep. 16:11-16; 17:2-13; 17:18-25; 18:17-20.

26. After the 2003 FMLA Leave, the Museum allowed Garraway to resume his job duties slowly.  Garraway Dep. 99:11-16; McKenzie Dep. 16:11-25; 17:2-13; 17:18-25; 18:17-20.

27. On March 15, 2004, Garraway requested and received a four week FMLA leave of absence (the "2004 FMLA Leave").  Garraway Dep. 103:20-22; Chako Dep. 13:9-13; 14:11-14; 17:9-12; Lagasse Dec. Exs. N, O & P.

28. Garraway needed the 2004 FMLA Leave due to a stress fracture in his foot.  Garraway Dep. 103:23-25, 104:1-2; Lagasse Dec. Exs. N, O & P.

29. After the 2004 FMLA Leave, the Museum reinstated Garraway as a shipping associate.  Garraway Dep. 115:20-23.

30. Sometime after the 2003 FMLA Leave, Garraway stopped taking Risperidone.  Garraway Dep. 117:14-17; Pinkhasov Dep. 23:14-24.

31. Garraway's Psychosis NOS became symptomatic in February 2005. Garraway Dep. 29:19-22; Pinkhasov Dep. 10:3-8.

32. From February 28, 2005 until March 7, 2005, Garraway was hospitalized to obtain treatment for his Psychosis NOS (the "2005 Hospitalization"). Garraway Dep. 31:7-9; 34:23-25; Pinkhasov Dep. 10:3-8; Lagasse Dec. Ex. Z & AA.

33. During the 2005 Hospitalization, Garraway resumed taking Risperidone. Garraway Dep. 31:22-25; 32:1-3; Lagasse Dec. Exs. Z & AA.

34. On March 7, 2005, Garraway was no longer experiencing psychotic symptoms. Garraway Dep. 34:23-25; Pinkhasov Dep. 14:7-15.

35. On February 25, 2005, Garraway neither reported to work nor called in to explain his absence. Garraway Dep. 29:2-9; Lagasse Dec. Ex. F.

36. Garraway was not scheduled to work on February 26 and 27, 2005, which fell on a weekend.

37. On February 28, 2005, Garraway neither reported to work nor called in to explain his absence. Garraway Dep. 36:4-8; Lagasse Dec. Ex. F.

38. On March 1, 2005, Garraway neither reported to work nor called in to explain his absence. Garraway Dep. 36:4-8; Lagasse Dec. Ex. F.

39. On March 2, 2005, Garraway neither reported to work nor called in to explain his absence. Garraway Dep. 36:4-8; Lagasse Dec. Ex. F.

40. On March 3, 2005, Garraway neither reported to work nor called in to explain his absence. Garraway Dep. 36:4-8; Lagasse Dec. Ex. F.

41. On March 4, 2005, Garraway neither reported to work nor called in to explain his absence. Garraway Dep. 36:4-8; Lagasse Dec. Ex. F.

42. Garraway was not scheduled to work on March 5 and 6, 2005, which fell on a weekend.

43. On March 7, 2005, Garraway neither reported to work nor called in to explain his absence.  Garraway Dep. 36:4-8; Lagasse Dec. Ex. F.

44. On March 8, 2005, Garraway did not report to work.  Lagasse Dec. Ex. G.

45. On March 8, 2005, Garraway informed Gonzales by telephone that he had been hospitalized.  Garraway Dep. 42:9-14; 42:23-25; 43:1-3; Lagasse Dec. Ex. F.

46. On March 8, 2005, Garraway informed Gonzales by telephone that he had been released from the hospital.  Garraway Dep. 42:9-14; 42:23-25; 43:1-3; Lagasse Dec. Ex. F.

47. On March 8, 2005, Garraway informed Gonzales by telephone that he would get a release from his doctor to return to work.  Garraway Dep. 42:9-14; 42:23-25; 43:1-3; 44:22-25; 45:1; Lagasse Dec. Ex. F.

48. On March 9, 2005, Garraway neither reported for work nor called in.  Lagasse Dec. Ex. F.

49. On March 9, 2005, McKenzie called Garraway on his cell phone, but was unable to reach Garraway or to leave a message.  Lagasse Dec. Exs. F & S.

50. On March 10, 2005, Garraway neither reported for work nor called in.  Lagasse Dec. Ex. F.

51. On March 10, 2005, McKenzie called Garraway, but was unable to reach Garraway or to leave a message.  Lagasse Dec. Exs. F, T & U.

52. On March 11, 2005, Garraway did not report for work.  Garraway Dep. 52:21-24; Lagasse Dec. Ex. F.

53. On March 11, 2005, Garraway called McKenzie.  Garraway Dep. 52:25; 53:1-5; Lagasse Dec. Ex. F.

54. On March 11, 2005, Garraway informed McKenzie that he was diagnosed with an anxiety attack while he was in the hospital. Garraway Dep. 53:13-19; Lagasse Dec. Ex. F.

55. On March 11, 2005, Garraway informed McKenzie that he had come down with the flu.  Garraway Dep. 53:13-19; McKenzie Dep. 43:13-23; Lagasse Dec. Ex. F.

56. On March 11, 2005, Garraway informed McKenzie that he had a doctor's appointment scheduled for March 14, 2005.  Garraway Dep. 53:13-19; McKenzie Dep. 43:23-25; 44:2-3; Lagasse Dec. Ex. F.

57. During the March 11, 2005 telephone conversation, Garraway informed McKenzie that the purpose of the March 14, 2005 doctor's appointment was to get a release to return to work.  Garraway Dep. 53:13-19; McKenzie Dep. 43:23-25; 44:2-3; Lagasse Dec. Ex. F.

58. Garraway was not scheduled to work on March 12 or 13, 2005, which fell on a weekend.

59. On March 14, 2005, Garraway neither reported to work, nor called in, nor requested additional leave.  Garraway Dep. 61:20-22; Lagasse Dec. Ex. F.

60. On March 15, 2005, Garraway neither reported to work, nor called in, nor requested additional leave.  Garraway Dep. 62:8-12; Lagasse Dec. Ex. F.

61. On March 16, 2005, Garraway neither reported to work, nor called in, nor requested additional leave.  Garraway Dep. 63:14-19; Lagasse Dec. Ex. F.

62. On March 16, 2005, the Museum terminated Garraway's employment. Compl. ¶23; Garraway Dep. 67:8-19; 68:21-25; 69:6-13; Muccio Dep. 20:13-25; 21:2; Chako Dep. 39:16-24; Lagasse Dec. Ex. F.

63. The Museum terminated Garraway's employment because he did not follow the proper procedure with regard to calling in when he is sick and not able to make it to work, along with disregarding an instruction from his supervisor. Chako Dep. 52:3-6; Muccio Dep. 43:23-25; 44:2-9; Lagasse Dec. Ex. F.

Dated: New York, New York
       December 13, 2005

DREIER LLP


By: _____/s/_____
    David R. Lagasse (DL 1144)
    M. Alexis Pennotti (MP 4425)
499 Park Avenue
New York, New York 10022
(212) 328-6100
Attorneys for Defendants


To:  Jonathan Weinberger (JW 2425)
     Law Offices of Jonathan Weinberger
     880 Third Avenue, 13th Floor
     New York, New York 10022
     (212) 752-3380
     Attorneys for Plaintiff